# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE BROWN, *et al.*, | Case No. 1:20-cv-00466-BAM (PC) |
| Plaintiffs, | ORDER STRIKING COMPLAINT FOR IMPROPER SIGNATURE (ECF No. 1) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*, | ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, WITHOUT PREJUDICE, FOR IMPROPER SIGNATURE (ECF No. 2) |
| Defendants. | |
| | ORDER FOR PLAINTIFFS TO SUBMIT PROPERLY SIGNED COMPLAINT AND MOTIONS TO PROCEED *IN FORMA PAUPERIS* |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Nicole Brown, a non-prisoner, and Plaintiff Freddie L. Smith, a state prisoner, are proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Plaintiffs initiated this action on September 9, 2019, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) The complaint and the motion to proceed *in forma pauperis* both have two signatures, and appear to be submitted jointly. (See ECF No. 1, p. 6; ECF No. 2, p. 2.)

Upon review of the submitted documents, the Court notes that there are several deficiencies that must be corrected for this case to proceed to screening.

**I.      Signatures and Unrepresented Parties**

First, it appears that Plaintiff Smith may not have signed the complaint and the *in forma pauperis* motion. Neither of the signatures or the handwriting on those two documents match the signature used on one of the exhibits attached to the complaint. (Compare ECF No. 1, p. 6 and

1  ECF No. 2, p. 2 <u>with</u> ECF No. 1, pp. 8–9.)

2        Although they may be proceeding jointly in an action, because both plaintiffs are proceeding *pro se* (without an attorney), both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions, and papers be signed by the party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  Upon examination of the signatures included, it appears that Plaintiff Brown has signed on behalf of herself and Plaintiff Smith.  Accordingly, Plaintiff Smith has not properly joined the complaint or the motion to proceed *in forma pauperis*.

9        If Plaintiff Brown is attempting to represent Plaintiff Smith in this action, she is informed that as a non-attorney, she cannot represent Plaintiff Smith.  Each plaintiff can proceed in this action only by raising claims on their own behalf.  As such, Plaintiff Brown cannot sign pleadings, motions, or other papers for Plaintiff Smith.

**II.**   ***In Forma Pauperis* Application**

      Similarly, each plaintiff must submit their own application to proceed *in forma pauperis*, signed by the individual applying for *in forma pauperis* status.  The current application, though containing the names of both plaintiffs, appears to relate only to the financial status of Plaintiff Smith, who is incarcerated at Corcoran State Prison.  (ECF No. 2.)  However, if Plaintiff Brown wishes to proceed *in forma pauperis* in this action, she must also submit an application to proceed *in forma pauperis*.  Furthermore, as it appears Plaintiff Brown is a non-prisoner, she will need to complete the non-prisoner application form.  If Plaintiff Brown does not wish to proceed *in forma pauperis* in this action, she will be required to pay the full $402.00 filing fee for this action, even if Plaintiff Smith qualifies to proceed *in forma pauperis*.

**III.**   **Claims Raised by Plaintiff Brown**

      Finally, it does not appear that Plaintiff Brown is properly joined as a party to this action.  The only claims raised in the complaint relate to Plaintiff Smith.  Plaintiff Brown is only mentioned in passing, and it does not appear that any damages or other remedies are requested for any injury suffered by Plaintiff Brown.  Plaintiff Brown may not join this action as a party if she is not raising any claims related to the claims of Plaintiff Smith.  In the new complaint, Plaintiffs

may wish to consider whether Plaintiff Brown should be joined as a party to this action, or whether this action should proceed with Plaintiff Smith as the only plaintiff.

## IV. Conclusion and Order

Based on the above, the Court finds it appropriate to allow Plaintiffs an opportunity to correct the identified deficiencies.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' complaint, (ECF No. 1) is STRICKEN from the record for improper signatures;
2. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), is DENIED, without prejudice, for improper signatures;
3. The Clerk of the Court is directed to send to Plaintiff Brown:
    a. A civil rights complaint form; and
    b. An application to proceed *in forma pauperis* for a non-prisoner;
4. The Clerk of the Court is directed to send to Plaintiff Smith:
    a. A civil rights complaint form; and
    b. An application to proceed *in forma pauperis* for a prisoner;
5. Within **thirty (30) days** from the date of service of this order, Plaintiffs shall submit:
    a. A complaint properly signed by each plaintiff proceeding in this action or a notice of voluntary dismissal; and
    b. An application to proceed *in forma pauperis* for each plaintiff proceeding in this action or the $402.00 filing fee; and
6. **Plaintiffs' failure to respond to this order will result in the dismissal of this action for failure to obey a court order, failure to pay the filing fee, and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 25, 2021**        /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE